## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KEVIN W. BLISS,

     Plaintiff,

v.                                                                Case No.  4:24-cv-520-RH/MJF

RICKY DIXON, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned screened Plaintiff's fourth amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff asserts five claims under the First Amendment and Fourteenth Amendment against the Florida Department of Corrections ("FDC") and seven of its employees. The District Court should dismiss various claims discussed below because: (1) the FDC is entitled to sovereign immunity; (2) Plaintiff fails to state a claim against three supervisory officials whos merely denied  grievances Plaintiff had filed; and (3) Plaintiff fails to state an Equal-Protection claim against any Defendant.

## BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action against the FDC and seven of its employees, including: (1) FDC central office representative A. Johns; (2) Wakulla Correctional Institution Warden Gary Hewett; (3) Grievance Coordinator L. Robinson; (4) Administrator J. Cornielz; (5) Sergeant Bamford; (6) Sergeant Paden; and (7) Corrections Officer Waters. Doc. 21 at 2. Plaintiff asserts the following claims:

- a First-Amendment freedom-of-association claim against Hewett Johns, Robinson, Cornielz, Bamford, Waters, and Paden;

- a First-Amendment free-exercise claim against Hewett, Johns, Robinson, Cornielz, Bamford, Waters, and Paden;

- a Fourteenth-Amendment class-of-one equal-protection claim against Hewett, Johns, Robinson, Cornielz, Bamford, Waters, and Paden;

- a First-Amendment claim against the FDC under *Monell*; and

- a Fourteenth-Amendment claim against the FDC under *Monell*.

*Id.* at 12. Plaintiff seeks nominal, compensatory, and punitive damages. *Id.*

Plaintiff alleges that the FDC has a custom of allowing wardens to use their discretion to create institutional specific policies. *Id.* at 8. Pursuant to this FDC custom, Hewett created a policy prohibiting inmates in any confinement wing from possessing electronic tablets. *Id.*

In August 2023, while Plaintiff was in administrative confinement, Paden, Waters, and Bamford enforced Hewett's policy and denied Plaintiff access to his tablet. *Id.* at 9–10. Plaintiff was unable to communicate with his family and friends because he is indigent and unable to afford stamps. Additionally, Plaintiff asserts that this resulted in a burden on a sincerely held religious belief. Specifically, as an Orthodox Jew, a central tenet of Plaintiff's faith is the study of the Torah. Plaintiff asserts the only Torah that Plaintiff owned was an electronic copy on his tablet, and the chaplain service did not have Torahs available for inmates. Thus, he was unable to do his weekly Torah readings and studies. *Id.* at 11.

Plaintiff lodged an informal grievance, a formal grievance, and a grievance appeal regarding the denial of his tablet. Cornielz denied the informal grievance "without investigating the claim." *Id.* at 10. Robinson denied the formal grievance, and Johns denied the grievance appeal. *Id.*

## STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The District Court must accept as true all well-pleaded factual allegations of the complaint and must consider all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### A.    Plaintiff's First- and Fourteenth-Amendment Claims against the FDC are barred by Sovereign Immunity

Plaintiff asserts First and Fourteenth Amendment claims against the FDC and seeks nominal, compensatory, and punitive damages. Doc. 21 at 3, 12. These claims are barred by the sovereign immunity recognized in the Eleventh Amendment.

The Eleventh Amendment generally recognizes that States may assert sovereign immunity that would bar suits by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc).

The FDC, a Florida agency, is "clearly the equivalent of the State of Florida for Eleventh Amendment purposes." *See Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996). Thus, the FDC is immune from suit for damages unless the State of Florida waived immunity or it was abrogated by Congress. *See Schloper v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990).

The State of Florida has not waived its immunity. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Additionally, Congress has not expressly abrogated state immunity in section 1983 cases of this type. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Thus, to the extent Plaintiff is seeking damages from the Florida Department of Corrections, Plaintiff has failed to state a claim for relief.[1]

## B.    Plaintiff Fails to State a Claim Against Defendants Cornielz, Robinson, and Johns

Plaintiff asserts that Cornielz, Robinson, and Johns violated the First Amendment and the Fourteenth Amendment when they denied Plaintiff's grievances. Doc. 21 at 10. Plaintiff does not allege that these Defendants confiscated Plaintiff's tablet or were otherwise involved in the promulgation of the policy that required the confiscation of his tablet.

A plaintiff may not assert a § 1983 claim "against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating*

---

[1] Plaintiff has not requested injunctive relief. Therefore, the narrow *Ex parte Young* exception is not applicable. *See generally Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Even if Plaintiff had requested injunctive relief, his allegations do not entail complaints of ongoing constitutional violations. Thus, Plaintiff cannot invoke the narrow *Ex parte Young* exception. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000).

*v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)); *see also Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992). A supervisor is liable under section 1983 only when he personally participates in the alleged constitutional violation or when "there is a causal connection between the actions of the supervising official and the alleged constitutional violation.'" *Keating*, 598 F.3d at 762 (quoting *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). "A causal connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (quoting *Gonzalez*, 325 F.3d at 1235). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is **extremely rigorous**." *Doe v. School Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances, are not liable under § 1983 on the theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Hoever v.*

*Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017); *accord Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002).

Because Plaintiff has failed to allege the requisite causal connection and simply relies on the denial of administrative grievances as the sole basis for liability, Plaintiff has failed to state a claim against Cornielz, Robinson, and Johns.

## C.   Plaintiff Fails to State a Fourteenth-Amendment Equal-Protection Claim

Plaintiff asserts a "class on one" equal protection claim and asserts that "he was intentionally discriminated against" because of his administrative confinement status. Doc. 21 at 11.

To state a "class of one" equal-protection claim, a plaintiff must allege that defendants intentionally treated plaintiff differently from others who are similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n,* 558 F.3d 1301, 1306 (11th Cir. 2009); *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007)

Plaintiff does not include any non-conclusory allegations that Defendants treated any similarly situated inmate better than Plaintiff. Plaintiff also fails to allege that Defendants lacked a rational basis for any disparate treatment Plaintiff suffered. Accordingly, Plaintiff has failed to state a "class of one" equal-protection claim.

## D.    Dismissal of the Claims Discussed Above is Appropriate

Ordinarily, a party must be given at least one opportunity to amend his complaint before the district court dismisses the action. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). The undersigned previously advised Plaintiff of the defects in his claims discussed above. Doc. 10 at 3; Doc. 18 at 3–4. Despite being afforded multiple opportunities to amend his complaint, Plaintiff never corrected these defects. Accordingly, dismissal of these claims is appropriate.

CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii):

1.    **DISMISS** all of Plaintiff's claims against the Florida Department of Corrections;

Page 9 of 10

2.    **DISMISS** all of Plaintiff's claims against Cornielz, Robinson, and Johns;

3.    **DISMISS** Plaintiff's Equal-Protection claim against all Defendants; and

4.    **RETURN** the case file to the undersigned for further proceedings regarding Plaintiff's First-Amendment claims against Hewett, Bamford, Paden, and Waters.

At Pensacola, Florida, this 17th day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**